# United States Court of Appeals
## For the First Circuit

No. 24-1828

JANE DOE, (a pseudonym),

Plaintiff - Appellant,

v.

JOHN ROE, (a pseudonym); MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

Defendants - Appellees.

Before

Montecalvo, Rikelman and Aframe,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: February 10, 2025

On September 9, 2024, Appellant Jane Doe filed her notice of appeal of the district court's March 13, 2024 oral order directing her to amend her complaint by filing in her true name within 30 days and stating that the case would be dismissed without prejudice if an amended complaint were not filed in the time allowed. Notice of Appeal, D.Ct. Dkt. 38. Because Appellant did not file an amended complaint within 30 days as ordered, the district court entered an order of dismissal of her case on April 25, 2024. D.Ct. Dkt. 36. We issued an order to show cause on September 25, 2024, directing Jane Doe to either move for voluntary dismissal or show cause why her appeal should not be dismissed as untimely under Federal Rule of Appellate Procedure 4(a).

Appellant argues that her appeal is timely for the following reasons: (1) the district court's March 13, 2024 oral order is a "judgment" that was never properly entered into the court docket under Federal Rule of Civil Procedure 79(a) because the docket entry did not include the requirement that she file her amended complaint *in her true name*, and that if she failed to do so, dismissal would be *without prejudice*; and alternatively (2) since the district court failed to enter the order as a separate document entry, judgment entered on August 10, 2024 (150 days from March 13, 2024), after which she had 30 days, until September 9, 2024, to file her notice of appeal under Federal Rule of Civil Procedure 58(c)(2)(B).

Appellees seek dismissal of the appeal, first arguing that the district court's order of March 13, 2024 was a separate document entered on the docket as part of the clerk's notes on April 2, 2024, from which Appellant had 30 days - until May 2, 2024 - to appeal. In the alternative, they argue that if the April 2 docket entry were not deemed a separate document for purposes of Rule 58, Appellant's notice of appeal is still untimely because the order pertained to filing pseudonymously and therefore, falls under the collateral order doctrine making it immediately appealable. Appellees argue that since Appellant filed her notice of appeal outside the 30-day limit under Federal Rule of Appellate Procedure Rule 4(a)(1)(A), regardless of whether she is appealing the March 13, 2024 order or the April 25, 2024 order of dismissal, it is untimely.

After careful review of the record and the parties' arguments, we conclude that the appeal is untimely under Rule 4(a)(1)(A).

First, we address Appellant's argument regarding the entry of the district court's March 13, 2024 order. Although the docket entry does not state that she must file her amended complaint in her true name or that the dismissal would be without prejudice, which the judge communicated at the March 13, 2024 hearing, the timetable for filing as well as the consequence of dismissal for failure to do so are explicitly stated on the docket. See D.Ct. Dkt. 34. We find this to be sufficient.

Second, we agree with Appellees that the March 13, 2024 order is a collateral order. We have held that "orders denying motions to proceed by pseudonym are immediately appealable under the collateral order doctrine. Such orders conclusively determine the pseudonym question, and that question is quite separate from the merits." Doe v. Massachusetts Institute of Technology, 46 F.4th 61, 66 (1st Cir. 2022). Since the March 13, 2024 order was a collateral order, appeal became available under 28 U.S.C. § 1291 ("Final decisions of district courts") without any need for entry of judgment under Federal Rule of Civil Procedure 54(b). See 15A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3911 (3d ed. 2022). An appeal from a collateral order "cannot be taken long after entry of the challenged order, and the time limits of Rule 4 have properly been invoked to cut off the right of appeal." Id. In this case, regardless of whether the correct time to appeal was directly after the judge ruled from the bench on March 13, 2024, or after the entry of the clerk's notes on April 2, 2024, the appellant failed to do so in a timely manner.

Since Appellant had 30 days from the March 13, 2024 order - until April 12, 2024 - to file an amended complaint in her true name and failed to do so, the collateral order conditionally dismissing the case became an order of dismissal, as entered on April 25, 2024. D.Ct. Dkt. 36. Appellant then had 30 days from that date - until May 27, 2024[1] - to file a notice of appeal of the dismissal.

Third, we reject Appellant's argument that the timetable for entry of separate judgment stated in Federal Rule of Civil Procedure 58 applies to the March 13, 2024 order. Appeal of collateral orders is available without regard to Rule 58 which means that the time to file an appeal starts to run before a formal "judgment" has been entered. 15A Wright & Miller, Federal Practice

---

[1] Since the 30th day fell on Saturday, May 25, 2024, Appellant had until Monday, May 27, 2024 to file her notice of appeal. See Fed. R. App. P. 26(a)(1)(C).

and Procedure § 3911 ("There is no reason to complicate collateral order appeals with the provisions of Rule 58, which is designed primarily to provide a clear signal that the litigation has been completed and that the final judgment will stand unless appeals are promptly taken.").

Further, we note that the circumstances that the separate-document rule was meant to avoid are not present on the facts of this case. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978) (per curiam) ("The separate-document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely."); see also Fed. R. Civ. P. 58 Committee Notes on Rules - 2002 Amendments ("Appeal time should start to run when the collateral order is entered without regard to creation of a separate document and without awaiting expiration of the 150 days provided by Rule 58(b)(2).").

The latest that Appellant could have filed her notice of appeal was May 27, 2024, as explained above. She failed to file her notice until September 9, 2024, which was well outside the time allowed. See Fed. R. App. P. 4(a)(1)(A). Since the filing deadline for an appeal is prescribed by statute and regarded as a "jurisdictional" matter, we lack the authority to consider the merits of her appeal. Therefore, Appellant's case must be dismissed. See Hamer v. Neighborhood Housing Servs. of Chicago, 583 U.S. 17, 19 (2017).

To the extent not mooted by the foregoing, all pending motions are denied.

DISMISSED. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Jane Doe
Barbara A. Robb
Daryl J. Lapp
Patrick J. Hannon